UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Mauser USA, LLC, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil Action File No. 1:19-cv-02361-AT ) ) |
| Tom Wilburn, | ) **JURY TRIAL DEMANDED** ) |
|     Defendant. | ) ) |

**CONSOLIDATED/JOINT DISCOVERY STATEMENT**

Plaintiff Mauser USA, LLC ("Mauser"), Defendant Tom Wilburn ("Defendant"), and non-party Cardinal Container Services, Inc. ("Cardinal") (collectively, the "Parties") hereby file this statement regarding a discovery dispute, pursuant to Judge Totenberg's Standing Order [D.E. 8], with respect to the scope of a document subpoena Mauser served on non-party Cardinal on July 1, 2019. On July 22, 2019, counsel for the Parties[1] conferred by telephone and attempted to resolve the dispute but were unsuccessful. The Parties had additional correspondence and discussions thereafter in an effort to resolve the dispute. As of August 19, 2019, however, the Parties are at a stalemate and seek the Court's assistance. The document subpoena in dispute is attached hereto as **Exhibit 1**.

The requests in dispute surround communications involving, in some way,

---

[1] Counsel for Wilburn also represent Cardinal with respect to this matter.

Defendant Tom Wilburn ("Wilburn"), Keegan Swann ("Swann"), and Deborah Kirkland ("Kirkland").  Wilburn, Swann and Kirkland are former Mauser employees who joined Cardinal or Schuetz in 2019.[2]  Mauser and Cardinal/Schuetz are competitors in the packaging solutions industry.  Their product offerings include plastic packaging, steel and fiber drums, as well as other intermediate bulk containers ("IBC").

**Discovery Issue No. 1**: By means of request Nos. 2-5, Mauser seeks all communications to, from, or among Wilburn, Swann or Kirkland (with anyone) while working for Cardinal/Schuetz, as well as all communications between the three employees from January 1, 2018 and their respective dates of employment with Cardinal/Schuetz in 2019.

      A.    <u>Cardinal's Position</u>: Counsel for Defendant Wilburn and Cardinal raised concerns about producing the entire email accounts on Schuetz's servers, which are located in Germany,[3] for Kirkland, Defendant Wilburn, and Swann.  Mauser seeks to use an extraordinarily blunt tool – the unlimited scope of Mauser's request will necessarily result in the production of emails containing (among other irrelevant

---

[2] Cardinal Container Services is a Schuetz subsidiary enterprise.  Along with Cardinal, Schuetz offers the collection and reconditioning of its emptied IBC in the US and Canada.

[3] Mauser provided multiple extensions due to the various issues surrounding the European privacy data laws.

information) commercially sensitive customer data unrelated to any Mauser customer or prospective customer – information that, on the most fundamental level, is not relevant to any claim or defense and is therefore not discoverable. Treating wholly irrelevant documents on an "Attorney's Eyes Only" basis does not alleviate that central problem. To address that concern and to cooperate in discovery, Cardinal suggested that Mauser provide a list of search terms designed to seek potentially relevant information to run against the Kirkland, Defendant Wilburn, and Swann email accounts maintained by Cardinal. Pursuant to the agreed-upon TRO entered in this case, Mauser and Wilburn already negotiated a set of agreed-upon search terms which Mauser has already run against Wilburn's Cardinal email account. Cardinal further suggested that Mauser could reserve the right to seek additional documents, beyond those identified by the search terms, and issue a new subpoena if Mauser was unhappy with the initial search term results. Moreover, Mauser also contends that Wilburn, Swann, and/or Kirkland already have this information and are using it to Mauser's detriment. Thus, they argue it both ways and their contentions are internally inconsistent. It also appears that Mauser is trying to use this lawsuit to obtain discovery it cannot obtain in its Texas litigation against Swann and Kirkland. In sum, Cardinal's position is that any discovery into the requested emails must be limited in a way so that relevant documents are targeted. Mauser's argument that it must have all emails because it might find something relevant is clearly

prohibited – Mauser needs to provide Cardinal with a proposed search term list designed to target relevant documents (to be reviewed on an Attorney's Eyes Only basis) or forego this request.

B.     Mauser's Position: Mauser is concerned that limiting the emails produced in discovery by search terms would exclude responsive documents given that Defendant Wilburn, as well as Kirkland and Swann, had access to confidential and trade secret information for all of Mauser's customers and not just the customers they called upon or served while employed by Mauser.  Based on the fact that Kirkland, Defendant Wilburn, and Swann have worked at Schuetz for less than seven months, and the Protective Order allows Defendant Wilburn and Schuetz to designate commercially sensitive data as "Attorneys Eyes Only," Mauser continues to believe the requests are appropriate and not overly broad.  Moreover, Mauser rejected Cardinal's recommendation because it is legitimately concerned that providing counsel for Defendant Wilburn and Schuetz with a search term list would essentially require Mauser to turn over its customer list and, even if the search term list was designated "Attorneys Eyes Only," the Protective Order does not prevent Schuetz from reviewing the results of the search term hits which would likely disclose a significant number of Mauser's customers to Schuetz.  Mauser also disagrees with Cardinal's contention that the agreed-upon TRO entered in this case has any impact on the current discovery dispute.  The Parties' agreement was based on an effort to

expeditiously retrieve all Mauser Information in Defendant Wilburn's possession. It was not intended as a substitute for discovery, and therefore, any agreed-upon search terms used in accordance with the TRO is not applicable here. Finally, Mauser's discards Cardinal's accusation that it is trying to use this lawsuit to obtain discovery it cannot obtain in its Texas litigation against Swann and Kirkland. Mauser asserts that because the underlying facts of the two cases are similar regarding the players and events, instead, the Parties are simply trying to effectively minimize judicial resources by consolidating discovery.

**II.     Discovery Issue No. 2**: Cardinal objected to Mauser's Subpoena Request Nos. 10-12 on various grounds. In subsequent correspondence, Mauser clarified that what it is seeking pursuant to these requests are (1) documents received from, emanating from, based upon, incorporating, or referring to any Mauser information made available to Schuetz/Cardinal by Wilburn, Kirkland, or Swann; and (2) all customer/vendor proposals, solicitations, price quotes, bides and the like in which Wilburn, Kirkland or Swann were involved since joining Schuetz/Cardinal. The Parties' dispute is whether the requests, as revised, is appropriate.

A.     <u>Cardinal's Position</u>: Cardinal has no objection to the first part of Mauser's request, as it now stands. The issue exists with respect to the second part of its request: The portion seeking ***all*** customer/vendor proposals, solicitations, price quotes, bids, and

the like in which Defendant Wilburn, Kirkland, or Swann were involved since joining Schuetz/Cardinal. As with requests 2-5, here Mauser seeks information unrelated to any claim or defense – this would encompass quotes for customers who have no prior relationship with Mauser. Further, the requests seek information related quotes/*etc.* for categories products with which Wilburn, Swann or Kirkland had no involvement (or purportedly confidential information) while at Mauser, but which they now handle for Cardinal/Schuetz. Thus, Cardinal proposes providing, on an "Attorney's Eyes Only" basis, customer bids/solicitations/*etc.* related to (1) any customer with whom any one of the three employees had material contact while at Mauser, and (2) related to products for which they were responsible at Mauser. To the extent Mauser wants to identify the customers and products it believes falls in those parameters, that would be fine with Cardinal, provided that the proposed search terms are accurate and reasonable. Those limitations would focus the discovery request to potentially relevant documents.

      B.    <u>Mauser's Response</u>: Mauser has the same concerns as it has for Issue No. 1 and again believes that the request for all proposals, etc. in which Kirkland, Swan and/or Defendant Wilburn have been involved on Schuetz's behalf is relevant, reasonable, and proportional to the needs of the case. To the extent Schuetz is concerned about producing commercially sensitive data, the Attorneys Eyes Only protection under the Protective Order eliminate those concerns.

Respectfully submitted, this 23rd day of August, 2019.

| | |
|---|---|
| */s/ Todd D. Wozniak* | */s/ Matthew A. Boyd* |
| Todd D. Wozniak | Ronald G. Polly, Jr. |
| Georgia Bar No. 777275 | Georgia Bar No. 583264 |
| wozniakt@gtlaw.com | rpolly@hpylaw.com |
| Keshia M. Tiemann | Matthew A. Boyd |
| Georgia Bar No. 751051 | Georgia Bar No. 027645 |
| tiemannk@gtlaw.com | mboyd@hpylaw.com |
| **GREENBERG TRAURIG, LLP** | **HAWKINS PARNELL & YOUNG, LLP** |
| Terminus 200 – Suite 2500 | 303 Peachtree Street, NE |
| 3333 Piedmont Road, NE | Suite 4000 |
| Atlanta, Georgia 30305 | Atlanta, Georgia 30308 |
| Telephone: (678) 553-2100 | Telephone: (404) 614-7400 |
| Facsimile: (678) 553-2212 | Facsimile: (404) 614-7500 |
| *Counsel for Plaintiff Mauser USA, LLC* | |
| | Jana H. Woelfel* |
| | Jana.Woelfel@clarkhillstrasburger.com |
| | Drake Lawsage* |
| | Drake.Lawsage@clarkhillstrasburger.com |
| | **CLARK HILL STRASBURGER** |
| | 2 Houston Center |
| | 909 Fanning Street |
| | Houston, Texas 77010 |
| | Telephone: (713) 951-5691 |
| | Facsimile: (832) 397-3535 |
| | |
| | **admitted pro hac vice* |
| | |
| | *Counsel for Defendant Tom Wilburn and Schuetz Packaging Systems* |

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1(C)**

I HEREBY CERTIFY that the foregoing document was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1(C).

- 8 -

*/s/ Todd D. Wozniak*
*Counsel for Plaintiff Mauser USA, LLC*

*/s/ Matthew A. Boyd*
*Counsel for Defendant Tom Wilburn*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Mauser USA, LLC, )<br>)<br>Plaintiff, )<br>)<br>) Civil Action File No. 1:19-cv-02361-AT<br>v. )<br>)<br>Tom Wilburn, )      **JURY TRIAL DEMANDED**<br>)<br>Defendant. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day filed the foregoing document with the Court's CM/ECF electronic filing system, which will automatically generate electronic notice to the following counsel of record:

| | |
|---|---|
| Ronald G. Polly<br>Matthew A. Boyd<br>Hawkins Parnell & Young LLP<br>303 Peachtree Street NE, Suite 4000<br>Atlanta, Georgia 30308<br>rpolly@hpylaw.com<br>mboyd@hpylaw.com | Jana H. Woelfel<br>Drake Lawsage<br>Clark Hill Strasburger<br>2 Houston Center<br>909 Fanning Street<br>Houston, Texas 77010<br>Jana.Woelfel@clarkhillstrasburger.com<br>Drake.Lawsage@clarkhillstrasburger.com |

This 23rd day of August, 2019.

*/s/ Todd D. Wozniak*
*Counsel for Plaintiff Mauser USA, LLC*

ACTIVE 45264581v4